**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **CINDY C.,** | : | |
| | : | |
| **Plaintiff,** | : | **Case No. 2:26-cv-324** |
| | : | |
| **v.** | : | **Judge Algenon L. Marbley** |
| | : | |
| **COMMISSIONER OF SOCIAL SECURITY,** | : | **Magistrate Judge Kimberly A. Jolson** |
| | : | |
| | : | |
| | : | |
| **Defendant.** | : | |

# ORDER

This matter comes before this Court on the Parties' Joint Motion to Remand. (ECF No. 13). The Parties ask this Court to enter judgment in Plaintiff's favor reversing and remanding this case to the agency for further administrative proceedings under Sentence Four of 42 U.S.C. § 405(g). (*Id*. at 1).

A Sentence Four remand "requires a determination on the merits of the claimant's request for disability benefits." *Follen v. Comm'r of Soc. Sec.*, 167 F.4th 352, 356 (6th Cir. 2026). The remand order must therefore include "a final judgment identifying a merits defect in the ALJ's analysis." *Id.* at 358. Plaintiff argues that the ALJ failed to address the supportability of the opinions of her treating sources, physician's assistant Kristin Davis and certified nurse practitioner Donald Germany. (ECF No. 10 at 9–14). The Parties now agree that the ALJ's consideration of the medical opinion evidence was deficient and that the medical opinions require further consideration under 20 C.F.R. § 416.920c. (ECF No. 13 at 1; ECF No. 13-1 at 1).

Plaintiff applied for benefits on September 22, 2023 (ECF No. 7, Tr. 18), so 20 C.F.R. § 416.920c governs. *See* 20 C.F.R. § 416.920c (applying to claims filed on or after March 27, 2017). The regulation requires the agency's decision to explain how it considered two factors. *Id.* § 416.920c(b)(2). The first is supportability, which looks to "the objective medical evidence and supporting explanations presented by a medical source." *Id.* § 416.920c(c)(1). The second is consistency, which looks to "the evidence from other medical sources and nonmedical sources in the claim." *Id.* § 416.920c(c)(2).

The ALJ found Mr. Germany's opinion not persuasive because the broader record did not support its more extreme limitations. That record showed conservative treatment, no hospitalization, normal mental status examinations, and Plaintiff's reported ability to work. (ECF No. 7, Tr. 30). That reasoning compares the opinion with the rest of the record. It does not discuss the explanations Mr. Germany presented to support the opinion. (ECF No. 7, TR. 1635). The ALJ thus did not explain how the supportability factor applied, as § 416.920c(b)(2) requires.[1]

Accordingly, the Joint Motion (ECF No. 13) is **GRANTED**. The Commissioner's decision is **REVERSED**, and this case is **REMANDED** under Sentence Four of 42 U.S.C. § 405(g) for further proceedings consistent with this Order. As the Parties represent, the Appeals Council will instruct the ALJ to further consider Plaintiff's claim, complete the administrative record as necessary, offer Plaintiff the opportunity for a hearing, and issue a new decision. (ECF No. 13 at

[1] The Commissioner does not argue that the error was harmless, and it was not. Under the harmless-error test applied in this District, a failure to explain supportability under § 416.920c(b)(2) is excused only if the opinion is patently deficient, the ALJ adopted it or made consistent findings, or the regulation's goal was otherwise met. *Johnnie T. v. Comm'r of Soc. Sec.*, 2023 WL 6056457, at *9 (S.D. Ohio Sept. 18, 2023). None of those conditions applies. Mr. Germany's opinion explains several of its limitations in writing; the ALJ did not otherwise address its supportability; and the residual functional capacity omits his opinion that Plaintiff would be absent more than four days per month. (ECF No. 7, Tr. 23, 30, 1635).

1). The Clerk is **DIRECTED** to enter judgment in Plaintiff's favor under Federal Rule of Civil Procedure 58.

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATE: November 9, 2026**